**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAASY PORCH** | **CIVIL NO.** |
| **Plaintiff,** | |
| **v.** | |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | **SECTION:** |
| | **JUDGE:** |
| **Defendant,** | **MAGISTRATE:** |

**COMPLAINT AND**
**REQUEST FOR JURY TRIAL**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **CAASY PORCH**, ("Plaintiff") a person of the age and majority, who respectfully represents that:

1. **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**, a Louisiana nonprofit corporation, is made Defendant herein, and is justly and truly indebted to Plaintiff for past loss of wages, damages, penalties, and attorneys' fees as are reasonable, together with interest thereon from date of judicial demand until paid, and for all costs of this proceeding, for the following reasons.

**INTRODUCTION**

2. This is an action for disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301 et seq.

2

3. Plaintiff,Caasy Porch, seeks damages and equitable relief arising from Tulane University's unlawful denial of reasonable accommodations, imposition of discriminatory qualification standards, and retaliatory termination.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and  28 U.S.C. § 1343 because this action arises under the ADA.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because the unlawful employment practices occurred in the Eastern District of Louisiana and Defendant's principal place of business is located in New Orleans, Louisiana.

6. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

## PARTIES

7. Plaintiff, Dr. Caasy Porch, is a resident of East Baton Rouge Parish, Louisiana.

8. Defendant, The Administrators of the Tulane Educational Fund ("Tulane"), is a Louisiana nonprofit corporation with its principal place of business in New Orleans, Louisiana. Tulane employs more than 15 employees and is a covered entity under the ADA and the LEDL.

## FACTS

9. Plaintiff was hired by Tulane on July 12, 2024, as a Compliance and Education Coordinator, and was terminated on October 10, 2024.

10. Plaintiff's job description contains no requirement that she drive as part of her essential job functions.

11. In early August 2024, Plaintiff reported serious knee issues to her physician, who

3

recommended that she work 3 days remote / 2 days in office.

12. Plaintiff requested this accommodation from Tulane. From early August through September 16, 2024, while awaiting a determination, Plaintiff continued to work full-time in person, despite her condition.

13. On September 16, 2024, while working on-site, Plaintiff suffered a cardiac event requiring emergency medical treatment.

14. Following the event, Plaintiff's physician cleared her to return to work, but advised against driving until cardiology and neurology testing results were complete.

15. On September 16, 2024, Tulane denied Plaintiff's request for 3 days of remote work, granting only 1 day remote per week.

16. Plaintiff also requested a temporary remote accommodation following the cardiac event until her test results were received. Tulane denied this request.

17. On October 3, 2024, Plaintiff went to the office to work. Tulane refused to allow her to remain, stating she needed a physician's note clearing her to drive, and told her that without such a note, they would have to post her job immediately.

18. Plaintiff explained that she had medical clearance to work and could arrange alternative transportation. Tulane nonetheless required a "driving clearance" unrelated to her job duties.

19. On October 10, 2024, Tulane terminated Plaintiff's employment.

20. At no point during her employment did Tulane document any performance concerns.

21. On May 29, 2025, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue regarding the charges raised herein. Plaintiff timely files this

action within 90 days of receipt of that Notice.

## COUNT ONE
### Failure to Accommodate (ADA, 42 U.S.C. § 12112(b)(5)(A))

22. Plaintiff incorporates by reference all preceding paragraphs.

23. Plaintiff is a qualified individual with a disability.

24. Defendant was aware of Plaintiff's disability.

25. Plaintiff requested reasonable accommodations, including remote work and temporary remote accommodation following her cardiac event.

26. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process in violation of the ADA.

## COUNT TWO
### Discriminatory Qualification Standards (ADA, 42 U.S.C. § 12112(b)(6))

27. Plaintiff incorporates by reference all preceding paragraphs.

28. Defendant imposed a qualification standard requiring Plaintiff to obtain a physician's clearance to drive before returning to work.

29. Driving was not an essential function of Plaintiff's position, and this requirement screened her out solely because of her disability.

30. This standard was not job-related or consistent with business necessity, in violation of the ADA.

## COUNT THREE
### Retaliation (ADA, 42 U.S.C. § 12203)

31. Plaintiff incorporates by reference all preceding paragraphs.

32. Plaintiff engaged in protected activity by requesting accommodations for her disabilities.

33. Defendant retaliated against Plaintiff by denying accommodations, imposing unlawful requirements, forcing her onto involuntary leave, and terminating her employment.

34. Defendant's actions were causally connected to Plaintiff's protected activity, in violation of the ADA.

## COUNT FOUR

### Disability Discrimination in Violation of La. Rev. Stat § 23:301 et seq.

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Defendant is an "employer" within the meaning of La. R.S. 23:302.

37. Plaintiff is a qualified individual with a disability under La. R.S. 23:322.

38. Defendant discriminated against Plaintiff by failing to accommodate her disabilities, imposing non-job-related qualification standards, and terminating her because of her disabilities.

39. Defendant's conduct violates the LEDL.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, awarding:

A. Award Plaintiff for back pay, front pay, and lost benefits;

B. Award Plaintiff compensatory damages for emotional distress and suffering;

C. Award Plaintiff reasonable attorneys' fees and costs;

D. Such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.


Dated: August 27, 2025

New Orleans, Louisiana


*/s/ Charles Imbornone*

10380 Perkins Rd #82282

Baton Rouge, LA 70810

(504) 300-8445

charley@imbornonelaw.com

7