**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAASY PORCH** | **CIVIL ACTION NO. 25-CV-1755** |
| **Plaintiff,** | |
| **VERSUS** | **JUDGE CARL J. BARBIER** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | **MAGISTRATE JUDGE MICHAEL NORTH** |
| **Defendant.** | **SECTION: J (5)** |
| | **JURY TRIAL DEMANDED** |

**THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND'S FIRST SET OF INTERROGATORIES TO CAASY PORCH**

Pursuant to Federal Rule of Civil Procedure 33, Defendant, The Administrators of the Tulane Educational Fund ("Defendant" or "Tulane") submits the following interrogatories to Caasy Porch ("Plaintiff) to be answered in writing, under oath, separately and fully and returned to Tulane's counsel within thirty (30) days after service.

**INSTRUCTIONS AND DEFINITIONS**

1. The interrogatories contained in these requests cover all information presently known or available to you. Should you be unable to answer any interrogatory or portion thereof either by actual knowledge or upon information and belief, identify each person whom you know to have information regarding the subject of the interrogatory.

2. If you contend that the answer to any interrogatory contained in these requests is privileged or otherwise immune from discovery in whole or in part, or if you otherwise object to any part of any interrogatory, or contend that any identified document would be excludable from production to Defendant in discovery regardless of its relevance, state the reasons and

1


EXHIBIT
A

factual basis for each objection or ground for exclusion and identify each person having knowledge of the factual basis on which the privilege or other ground is asserted. In addition, with respect to any document that you contend is excludable from production, identify the document by author, date, addressee, recipient and type of document. Provide these details along with a privilege log.

3.    The interrogatories request that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

4.    As used herein, the singular number includes the plural and the plural number includes the singular; the conjunctive (terms connected by "and") includes the disjunctive (terms connected by "or") and the disjunctive includes the conjunctive; the present tense includes the past tense and the past tense includes the present tense, unless the clear meaning indicates otherwise.

5.    As used herein, the following terms shall have the meanings defined below:

a.    *"Document"* is used in the broadest sense and includes the original and any non-identical copy (whether different from the original by reason of notations or otherwise) of any physical document or electronically stored information, including writings, emails, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations, stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form, or any tangible thing. "Document" also means identical copies of unavailable original documents and of unavailable non-identical copies.

b.    *""You""* means Caasy Porch and any agents and/or representatives past

2

or present.

c.      *"Tulane"* means The Administrators of the Tulane Educational Fund.

d.      *"Complaint"* means the Complaint in this action filed by Plaintiff against Tulane.

e.      *"Person"* means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

f.      *"Identify"* and *"Identity"* with respect to one or more persons shall mean to provide for each person that person's full name, present or last-known address, and, for a natural person, that person's present or last-known place of employment, including the person's title, the name of the employer, the employer's address, and the employer's telephone number.

g.      *"Identify"* and *"Identity"* with respect to one or more documents shall mean to provide for each document the author or generator of the document, the type of document (e.g., letter, memorandum, report, etc.), the subject matter of the document, the date of the document and, if different, the date the document was generated, and the present location of the document or the person owning, possessing or having custody of the document.

h.      *"Describe"* means to state the substance of the event, circumstances, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present or participating; what each person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all individuals having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

3

i.        "*Statement*" means and refers to (a) a written statement signed or otherwise adopted or approved by the person making it; or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **INTERROGATORIES**

1.        Identify all e-mail addresses, phone numbers and social media accounts you have used and/or to/from which you have sent or received electronic mail, text messages, social media messages, or other electronic information, including, but not limited to, photographs and videos, and identify all corresponding internet, cellular, and telephone service providers and/or websites or "apps" from who you have obtained service or used services at any time in the previous five (5) years. For each e-mail address, phone number and social media account identified, state the time period during which you were actively using that e-mail address, phone number and social media account.

2.        Identify each person, other than a person intended to be called as an expert witness at trial, that you believe has information or knowledge to support  a position that you have taken or intend to take in this action (including, but not limited to, the allegations in the Complaint), including any claim for damages, and state the subject matter of the information possessed by that person.

3.        Identify each person with whom you have discussed or communicated the factual allegations in your Complaint (other than your legal counsel), or from whom a statement (written, oral, or otherwise recorded) has been taken concerning those allegations.

4.        Other than in this case, please state whether you have been a party or a witness

to any lawsuit, civil, criminal, or administrative proceeding (including any EEOC complaints, past litigation, and any suit which may currently be pending), bankruptcy proceeding, union grievance, or charge or claim of discrimination, including, with respect to each, the names of the parties to the matter; in what capacity you were a participant; the name and location of the court or forum where the proceeding was or is pending; the docket number (if applicable); the approximate date when the case or proceeding was initiated; the nature of the proceeding; the relief sought by the parties; the outcome; and, if the you prevailed, the damages and other relief awarded.

5.      Other than in this case, state whether you have ever complained, formally or informally, of discrimination, harassment, or retaliation of any kind (such as in education, employment, housing, or public accommodations), and for each such complaint, describe in detail the substance of the complaint, to whom you complained and when, and what was done in response to your complaint.

6.      Please state your work history from high school to present, including for each job, the circumstances under which you left employment or engagement, your immediate supervisor, your job title, your rate of pay, the location of employment or engagement, and the dates of employment or engagement.

7.      Identify all persons with knowledge, or whom you believe may have knowledge, and describe what you believe their knowledge to be, relating to your claim in Paragraph 20 of the Complaint that at no point during your employment "did Tulane document any performance concerns."

8.      Identify all Tulane employees, supervisors, managers, or other agents who allegedly subjected you to discrimination, a discriminatory qualification standard, or retaliation

5

in violation of the ADA.

9. Describe all medical treatment or counseling you have sought or received from a medical or mental health professional (such as a physician, nurse, psychologist, psychiatrist, or counselor etc.) at any time since January 1, 2020, to present, and for each, identify the treating medical or mental health professional, the business address and telephone number for each person identified, and the reason for the treatment or counseling sought or received.

10. Identify by full name and address any healthcare provider from which you have sought treatment, for your "knee issues" as alleged in Paragraph 11 of the Complaint, as well as the date(s) and nature of treatment, the resulting diagnosis, and any ongoing care.

11. Identify by full name and address any healthcare provider from which you have sought treatment stemming from the September 16, 2024, alleged "cardiac event", as well as the date(s) and nature of treatment, the resulting diagnosis, and any ongoing care.

12. Describe in detail all efforts you have made to mitigate or reduce the damages you seek in this action, including without limitation all efforts and the outcome of those efforts to seek new employment since your employment with Tulane ended in October 2024.

13. State whether you have been unable to work or unavailable for work at any time since the end of your employment with Tulane, whether due to illness, injury, birth of a child, a move out of the state or country, care for a family member, school, or any other reason, and, if so, describe in detail the reason(s) you were unable to unavailable for work and the dates you were unable to unavailable for work.

14. Identify the amount and source of all income or benefits that you received from any source in the last five (5) years, including, but not limited to, employment income, self-employment, disability or workers' compensation income, and any forms of public assistance.

For each source of income, indicate the dollar amount of income and the date(s) such income was received.

15.    State whether you have rejected any offer of employment or offer as an independent contractor since October 2024, and, if so, identify, for each such offer, the entity that extended the offer, the position offered, the specific terms offered, and your reasons for rejecting the offer.

16.    Identify each person whom you expect to call as a testifying expert and, as to each such expert, please state the subject matter on which he or she is expected to testify, the substance of the facts and opinion to which he or she is expected to testify, and a summary of the grounds for each such opinion.

Respectfully Submitted:

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No 18494)
lehret@frilot.com
Katie S. Chong (La. Bar No 41698)
kchong@frilot.com
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone.: (504) 599-8203
Facsimile: (504) 599-8263

**Counsel for The Administrators of the Tulane Educational Fund**

7

## <u>VERIFICATION</u>

I declare under penalty of perjury that the answers to The Administrators of the Tulane

Educational Fund's First Set of Interrogatories to Plaintiff are true and correct.


Executed on: _____


_____
Caasy Porch

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 17th day of December 2025, I have served a copy of Defendant's foregoing First Set of Interrogatories to Plaintiff Caasy Porch, on counsel of record by email.

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No. 18494)