# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAASY PORCH**<br><br>      **Plaintiff,**<br><br>**VERSUS**<br><br>**THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND**<br><br>      **Defendant.** | **CIVIL ACTION NO. 25-CV-1755**<br><br>**JUDGE CARL J. BARBIER**<br><br>**MAGISTRATE JUDGE MICHAEL NORTH**<br><br>**SECTION: J (5)**<br><br>**JURY TRIAL DEMANDED** |

## THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAASY PORCH

Pursuant to Federal Rule of Civil Procedure 34, Defendant, The Administrators of the Tulane Educational Fund ("Defendant" or "Tulane") asks that Caasy Porch ("Plaintiff") produce the following documents and respond in writing within thirty (30) days after service.

## INSTRUCTIONS AND DEFINITIONS

1. The requests cover all documents in your possession, custody, or control, including, without limitation, documents in storage and documents held by agents, attorneys or other persons on your behalf and subject to your control.

2. In case of any ambiguity as to whether a document is called for by these requests, such document is to be produced.

3. In lieu of producing original documents, copies may be produced, provided that the documents identified as copies are accurate and complete copies of the original documents and provided that the originals are preserved and made accessible upon request during this or any subsequent proceeding.

1

EXHIBIT

**B**

4.      If a document called for by a request is known to have existed but cannot be located now, identify the document and state: (1) whether the missing document has been in your possession, custody or control; (2) where the missing document was last known to be and the date when the document was last known to be in such location; and (3) in whose possession, custody or control such a copy of the document may be found; or (4) where applicable, whether the document has been destroyed.

5.      In producing the documents described herein, indicate the request(s) to which they are responsive. As used herein, the singular number includes the plural and the plural number includes the singular; the conjunctive (terms connected by "and") includes the disjunctive (terms connected by "or") and the disjunctive includes the conjunctive; the present tense includes the past tense and the past tense includes the present tense, unless the clear meaning indicates otherwise.

6.      As used herein, the following terms shall have the meanings defined below:

a.      *"Document"* is used in the broadest sense and includes the original and any non-identical copy (whether different from the original by reason of notations or otherwise) of any physical document or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, video recordings, records, images and other data or data compilations, stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form, or any tangible thing. "Document" also means identical copies of unavailable original documents and of unavailable non-identical copies.

b.      *"You"* or *"your"* means Plaintiff, Caasy Porch, and any agents and/or representatives past or present.

2

c.    *"Tulane"* means The Administrators of the Tulane Educational Fund.

d.    *"Complaint"* means the Complaint in this action filed by Plaintiff against Tulane.

e.    *"Person"* means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

f.    *"Identify"* and *"Identity"* with respect to one or more persons shall mean to provide for each person that person's full name, present or last-known address, and, for a natural person, that person's present or last-known place of employment, including the person's title, the name of the employer, the employer's address, and the employer's telephone number.

g.    *"Identify"* and *"Identity"* with respect to one or more documents shall mean to provide for each document the author or generator of the document, the type of document (e.g., letter, memorandum, report, etc.), the subject matter of the document, the date of the document and, if different, the date the document was generated, and the present location of the document or the person owning, possessing or having custody of the document.

h.    *"Statement"* means and refers to (a) a written statement signed or otherwise adopted or approved by the person making it; or (b) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1.    All documents identified or referred to in your initial disclosures.

2.    All documents identified or referred to in your responses to Tulane's Interrogatories.

3.    Any documents, including, but not limited to, any letters, notes, memoranda,

3

emails, statements, audio or video recordings, text messages, or pictures in your possession, that memorialize or support any of your allegations against Tulane.

4.    Any documents reflecting or memorializing communications between you and Tulane, relating to your job performance, personnel file, work schedule, job responsibilities, promotion opportunities, pay, complaints regarding treatment by Tulane or any individual employed by Tulane, suspensions, discipline, warnings, or your cessation of employment with Tulane.

5.    Any documents reflecting or memorializing warning(s), counseling(s) or disciplinary action(s) you received during your employment with Tulane.

6.    Any documents memorializing or reflecting any complaints or concerns that you contend you raised during your employment at Tulane.

7.    Any documents which support, relate to, reflect, or memorialize to your claims that you were discriminated against based on a disability.

8.    Any documents demonstrating you are a "qualified individual with a disability" as you allege in Paragraph 23 of the Complaint.

9.    Any documents demonstrating "Defendant was aware of Plaintiff's disability" as you allege in Paragraph 24 of the Complaint.

10.    Any documents demonstrating or reflecting Tulane "failed to provide reasonable accommodations and failed to engage in the interactive process in violation of the ADA" as alleged in Paragraph 26 of the Complaint.

11.    Any documents demonstrating or reflecting Tulane imposed a qualification standard that "was not job-related or consistent with business necessity, in violation of the ADA" as alleged in Paragraph 30 of the Complaint.

12. Any documents that support your claim that you were retaliated against for seeking accommodation for a disability as alleged in Paragraph 34 of the Complaint.

13. Any documents reflecting or memorializing the "protected activity" you allege in Paragraph 34 of the Complaint.

14. Any documents in your possession (including full and complete clinical records, office notes, diagnoses, prescriptions, communications, hospital charts, examination records, history records, or information related to medical expenses) prepared by, submitted to, or otherwise maintained by all treating physicians, psychiatrists, counselors, entities, or any other health professional or practitioner for treatment provided to you at any time since October 2024.

15. For each such professional, practitioner, or entity identified in response to Tulane's Interrogatory Nos. 16 and 17, please execute and return with your responses to these requests the enclosed Authorizations for Release and Disclosure of Medical Records in the format set forth therein, and incorporated here by reference.

16. Any documents reflecting or memorializing  testing, counseling or treatment you have received at any time in the past five years to present, from doctors, health care providers, mental health care providers, therapists, or any other person, provider or entity (including but not limited to hospitals or clinics) for any physical or mental injury, emotional distress, illness, disability or other condition.

17. Any diary, calendar, appointment book, daily planner, or other similar document maintained by you at any time since the beginning of your employment with Tulane, including, but not limited to, any document in which you described your working conditions or treatment at Tulane.

18. Any documents (which includes emails) you sent to your private email address,

downloaded, or otherwise retrieved or retained from Tulane servers or accounts, including your own, during your employment or subsequent to your separation from Tulane.

19.     Any documents you contend support any of your claims for damages against Tulane in this matter, including without limitation, any documents relied on to compute any item of damage you claim to have suffered as a result of the allegations in this Complaint.

20.     Any documents evidencing any efforts made by you to mitigate or reduce the damages you seek in this action, including without limitation, applications for subsequent employment, correspondence with potential subsequent employers, job search records, evidence of subsequent employment, and payroll records from any subsequent employer(s).

21.     Any documents identifying income received by you at any time since October 2024, including without limitation, money and property received through self-employment, rental income, sale of property, government benefits and loans.

22.     Please execute and return with your responses to these discovery requests the enclosed Authorizations for Release of Employment Information and Records for each former, potential or subsequent employer identified in response to Tulane's First Set of Interrogatories, in the format set forth herein, and incorporated here by reference.

23.     Any evaluations, counseling, or corrective action that you have received from any employer subsequent to your Tulane employment.

24.     For each blog or social networking website for which you currently have a profile or have had a profile at any time since the beginning of your employment with Tulane, please execute two (2) original authorizations for the release of electronic communications attached hereto.

25.     If you have a Facebook or Instagram account, please provide a .zip file of all

information stored on that account, including but not limited to photos, photo albums, a list of friends, messages, your profile, and posts to your wall or "feed." Such a file can be obtained by logging into your Facebook account, clicking on the down arrow in the upper right corner of the place, selecting "Settings," and following the directions that appear after you select "Download a copy of your Facebook data" towards the bottom of the page.

26.    Any fee agreements with your attorney relating to this lawsuit.

27.    Any documents reflecting or memorializing any damages you claim in your Complaint, including damages for past and future pecuniary losses, lost benefits, emotional distress and suffering, humiliation, inconvenience, loss of enjoyment of life, and out-of-pocket expenses, including but not limited to documents relating to: (a) the type of damages alleged (e.g., emotional distress, etc.); (b) the exact amount of the damage you claim; and (c) the basis on which you have computed the damage.

28.    Your Forms W-2, Form 1099, and complete state and federal income tax returns, whether filed singularly or jointly with any other person, including all schedules and exhibits attached thereto, for the years 2020 through the present. Please execute the attached authorizations allowing us to obtain these forms from the proper taxing entity.

29.    If you are presently employed, produce your most recent paycheck stub from your current employer(s).

30.    Any documents reflecting or memorializing any claim made by you for workers' compensation, unemployment, disability, social security or any form of public assistance in the past five years.

31.    Any document that reflects or memorializes any disability you claim to have had during your employment at Tulane and for which you sought accommodation during your

7

employment with Tulane.

32.    Any documents relating to any other civil or criminal legal action, or administrative proceedings, in which you are presently involved or previously have been involved as a defendant, petitioner, plaintiff, respondent or testifying witness.

33.    Produce original, signed authorization(s) (attached) for the release of: medical records, employment records, and tax returns if we need to obtain them from the IRS, state unemployment compensation records; workers' compensation records; and social security benefits, application, supporting materials or other documents from the Social Security Administration.

34.    Please request unemployment records from the Louisiana Workforce Commission and produce them upon receipt. 20 CFR 603.5 limits the Louisiana Workforce Commission's (LWC) ability to honor a waiver/release signed by the person whose records are sought by an opposing attorney for the purpose of litigation.  LA R.S. 23: 1660 D exempts these records from subpoena. The LWC can only provide records to the actual UC claimant or her attorney.

Respectfully Submitted:

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No 18494)
lehret@frilot.com
Katie S. Chong (La. Bar No 41698)
kchong@frilot.com
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone.: (504) 599-8203
Facsimile: (504) 599-8263

**Counsel for The Administrators of the Tulane Educational Fund**

8

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on this 17th day of December 2025, I have served a copy of Defendant's foregoing First Set of Requests for Production of Documents to Plaintiff Caasy Porch, on counsel of record by email.

*/s/ Leslie W. Ehret*
Leslie W. Ehret (La. Bar No. 18494)
