IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAASY PORCH** | **CIVIL NO. 25-CV-1755** |
| **Plaintiff,** | |
| | **JUDGE CARL J. BARBIER** |
| **v.** | |
| | **MAGISTRATE JUDGE MICHAEL NORTH** |
| **THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND** | |
| | **SECTION: J (5)** |
| **Defendant,** | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUPPLEMENTAL ANSWERS AND RESPONSES
TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Caasy Thomas-Porch ("Plaintiff"), through undersigned counsel, submits the following Supplemental Answers and Responses to Defendant's First Set of Interrogatories. These supplemental responses are provided to address deficiencies identified by Defendant in correspondence dated March 3, 2026, and supersede Plaintiff's prior responses to the extent they conflict. Plaintiff responds as follows:

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1**

**Supplemental Response**

Plaintiff used the following email accounts and phone number during the relevant period of her employment with Defendant (July 2024 through October 2024):

2



Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

- Tulane University email account assigned to Plaintiff during her employment (no longer accessible to Plaintiff).

- Personal Gmail account (cthpor@gmail.com), which was used for limited work-related communications during the relevant time period.

- Personal cellular phone number ending in 0655, used during the relevant time period for voice and text communications.

Plaintiff is not aware of any other accounts used to communicate with Defendant or concerning the allegations in this action. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

**Interrogatory No. 2**

**Supplemental Response**

Plaintiff Caasy Porch has knowledge regarding her job duties, requests for reasonable accommodation, communications with Defendant regarding her disabilities and work restrictions, the September 16, 2024 medical emergency, the October 3, 2024 incident concerning alleged clearance-to-drive requirements, her termination on October 10, 2024, her mitigation efforts, and her damages.

Sean McQueen, former Compliance and Education Coordinator for Defendant, has knowledge regarding the essential functions of Plaintiff's position, the absence of any formal in-person training requirement, the feasibility of remote work for the position, and Defendant's practices

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

concerning training and job duties.

Human Resources personnel and supervisory employees of Defendant, including individuals involved in reviewing and responding to Plaintiff's accommodation requests and in the decision to terminate Plaintiff's employment, have knowledge regarding Defendant's handling of Plaintiff's accommodation requests, communications with Plaintiff following her medical emergency, the asserted reasons for denying accommodations, and the decision-making process leading to Plaintiff's termination.

Plaintiff's treating medical providers have knowledge regarding Plaintiff's medical conditions, functional limitations, recommended accommodations, work restrictions, treatment, and medical expenses relevant to Plaintiff's claims and damages.

No responsive documents are being withheld on the basis of privilege or any other ground. Plaintiff will supplement this response as additional information becomes available through discovery.

**Interrogatory No. 3**

**Supplemental Response**

Plaintiff responds as follows:

Plaintiff Caasy Porch has discussed the factual allegations in her Complaint with Sean McQueen, a former Compliance and Education Coordinator for Defendant, in connection with his personal

4

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

knowledge of the job duties, training practices, and accommodation issues relevant to Plaintiff's claims.

Plaintiff has also discussed the factual allegations in her Complaint with certain family members and personal acquaintances for purposes of emotional support following the events giving rise to this action. No formal statements were taken from such individuals.

Other than the foregoing, Plaintiff is not presently aware of any additional persons with whom she has discussed the factual allegations in the Complaint or from whom statements concerning those allegations have been taken, other than her legal counsel. No non-privileged responsive documents are being withheld on any ground. Production of responsive documents is complete.

**Interrogatory No. 4**

**Supplemental Response**

Other than the present action, Plaintiff has not been a party or a witness in any lawsuit, civil, criminal, or administrative proceeding, including but not limited to any prior EEOC complaints, discrimination charges, bankruptcy proceedings, union grievances, or similar actions. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

**Interrogatory No. 5**

**Supplemental Response**

Other than the allegations asserted in the present action, Plaintiff has not complained, formally or informally, of discrimination, harassment, or retaliation in any educational, employment, housing, or public accommodation setting. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

**Interrogatory No. 6**

**Supplemental Response**

Plaintiff provides the following employment history from a reasonable period prior to her employment with Defendant through the present:

**Southern University and A&M College**

Position: Instructor

Location: 801 Harding Blvd., Baton Rouge, Louisiana 70813

Dates of Employment: August 2018 – May 2024 (Fall and Spring semesters)

Immediate Supervisor: Kinesha Harris / Edward Doomes

Rate of Pay: Approximately $20,000–$22,000 per semester; approximately $44,000 annually by 2024

6

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

Circumstances of Separation: Voluntarily resigned to accept the Compliance and Education Coordinator position with Defendant at Tulane University.

**Tulane University**

Position: Compliance and Education Coordinator

Location: New Orleans, Louisiana

Dates of Employment: July 12, 2024 – October 10, 2024

Immediate Supervisor: Cecelia Brown

Rate of Pay: Approximately $72,000 annually

Circumstances of Separation: Terminated by Defendant following Plaintiff's requests for reasonable accommodation.

**Southern University**

Position: Professor

Location: Baton Rouge, Louisiana

Dates of Employment: January 2025 – Present

Immediate Supervisor: Department Chair

Rate of Pay: Approximately $45,000 annually

Circumstances of Separation: N/A (current employment)

No responsive documents are being withheld on the basis of privilege or any other ground.

**Interrogatory No. 7**

**Supplemental Response**

Plaintiff objects to this Interrogatory to the extent it calls for speculation or seeks information solely within Defendant's possession, custody, or control, including Defendant's internal personnel records and documentation practices.

Plaintiff Caasy Porch has personal knowledge that during her employment with Defendant, she was not issued any written warnings, performance improvement plans, disciplinary notices, or other documentation reflecting performance concerns, and she was never informed that any such documentation existed.

Sean McQueen, former Compliance and Education Coordinator for Defendant, has knowledge regarding Defendant's practices concerning documentation of performance issues for individuals in the same position held by Plaintiff, and his understanding that no formal performance documentation or training evaluations existed for the role during the relevant period.

Human Resources personnel and supervisory employees of Defendant, including those

8

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

responsible for maintaining personnel files and documenting employee performance, have knowledge regarding whether any performance-related documentation concerning Plaintiff exists or existed during her employment.

Plaintiff is not aware of any documents reflecting performance concerns during her employment, and any such documents, if they exist, are within Defendant's possession, custody, or control. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

**Interrogatory No. 8**

**Supplemental Response**

Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion or requires Plaintiff to characterize conduct as "discrimination," "retaliation," or a "discriminatory qualification standard" beyond the factual allegations in the Complaint.

Based on information currently known to Plaintiff, the following Tulane employees and agents were involved in the conduct giving rise to Plaintiff's ADA claims, including the denial of reasonable accommodations, the imposition and enforcement of unlawful qualification standards, and Plaintiff's termination:

Cecelia Brown, Assistant Director of IRB Compliance Operations, Plaintiff's direct supervisor, who was involved in decisions and communications regarding Plaintiff's accommodation requests, work expectations following Plaintiff's medical event, and Plaintiff's

9

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

termination.

Roxanne Johnson, Director of the Human Research Protection Office, who participated in discussions and decision-making related to Plaintiff's accommodation requests, work restrictions, and continued employment following Plaintiff's medical emergency.

Stacey Schwankhart, Employee Relations Manager, who participated in Human Resources communications with Plaintiff concerning medical clearance and work restrictions and was involved in Human Resources actions surrounding Plaintiff's termination, including communications on or about October 10, 2024.

Sydney Cone, Job Accommodations Specialist, who participated in the review, processing, and communication of Plaintiff's accommodation requests and determinations, including the accommodation determination issued on or about September 16, 2024.

Plaintiff further contends that additional Human Resources personnel and supervisory employees of Defendant, whose identities are presently unknown to Plaintiff, participated in, approved, or ratified the conduct alleged in the Complaint. Plaintiff expects discovery to reveal the identities and roles of such individuals. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

**Interrogatory No. 9**

**Supplemental Response**

10

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

Plaintiff objects to this Interrogatory to the extent it is overly broad, unduly burdensome, invasive of privacy, and not limited to medical or mental health treatment relevant to the claims or defenses in this action. Plaintiff further objects to the extent the Interrogatory seeks disclosure of confidential medical or mental health information unrelated to the conditions placed at issue in this litigation.

With respect to Plaintiff's knee condition: Plaintiff was treated by Dr. Michael Frierson, orthopedic physician, Bone and Joint Clinic, New Orleans, Louisiana, beginning in or about December 2023 and again in or about August 2024. Dr. Frierson evaluated Plaintiff's knee condition and recommended work-related restrictions, including a recommendation that Plaintiff be permitted to work remotely for a portion of the workweek due to knee pain and functional limitations affecting prolonged standing and commuting.

With respect to the September 16, 2024 medical emergency: Plaintiff was transported by ambulance to LCMC Health Emergency Care and subsequently received follow-up care at Our Lady of the Lake Hospital. Following those visits, Plaintiff underwent additional cardiology and neurological evaluations. The treating cardiologist was Wenjie Xu, M.D., FMOLHS Louisiana Cardiology Associates, 7777 Hennessy Boulevard, Suite 1000, Baton Rouge, Louisiana 70808. The treating neurologist was Pedro S. Oliveira, M.D., The Baton Rouge Clinic, 7373 Perkins Road, Baton Rouge, Louisiana 70808.

To the extent Plaintiff seeks compensatory damages for emotional distress, Plaintiff elects to assert garden variety emotional distress only. Plaintiff does not intend to introduce mental health treatment records, psychiatric diagnoses, or expert mental health testimony in support of her

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

emotional distress claim. Accordingly, Plaintiff will not produce mental health treatment records in response to this Interrogatory. No non-privileged responsive documents are being withheld on any ground.

**Interrogatory No. 10**

**Supplemental Response**

Plaintiff sought medical treatment for knee-related issues from Dr. Frierson, an orthopedic physician, at the Bone and Joint Clinic. Plaintiff was treated by Dr. Frierson beginning in or about December 2023, and again in or about August 2024, after Plaintiff began her employment with Defendant.

Dr. Frierson evaluated Plaintiff's knee condition and recommended work-related restrictions, including a recommendation that Plaintiff be permitted to work remotely for a portion of the workweek due to knee pain and functional limitations affecting prolonged standing and commuting. Plaintiff communicated this recommendation to Defendant in support of her request for reasonable accommodation.

Plaintiff is not currently receiving ongoing treatment for her knee condition. Relevant medical records and/or an appropriate authorization limited to knee-related treatment from Dr. Frierson and the Bone and Joint Clinic have been or will be produced in connection with document production. No responsive documents are being withheld on the basis of privilege or any other ground.

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

**Interrogatory No. 11**

**Supplemental Response**

On September 16, 2024, Plaintiff experienced a medical emergency while working at Defendant's facility and was transported by ambulance to LCMC for evaluation and treatment. Plaintiff received emergency medical care, including diagnostic testing, monitoring, and follow-up recommendations related to a suspected cardiac event.

Following the emergency room visit, Plaintiff received follow-up care at Our Lady of the Lake Hospital, Baton Rouge, Louisiana, and underwent additional cardiology and neurological evaluations to determine the cause of the episode and to assess work-related restrictions, including restrictions related to long-distance commute driving. Plaintiff's treating providers advised Plaintiff that she was cleared to work but was not cleared to drive a long-distance commute pending completion of diagnostic testing.

The treating cardiologist was Wenjie Xu, M.D., FMOLHS Louisiana Cardiology Associates, 7777 Hennessy Boulevard, Suite 1000, Baton Rouge, Louisiana 70808. The treating neurologist was Pedro S. Oliveira, M.D., The Baton Rouge Clinic, 7373 Perkins Road, Baton Rouge, Louisiana 70808.

Plaintiff has complied with recommended follow-up care and evaluations and is not presently aware of any ongoing treatment requirements beyond routine monitoring and follow-up as directed by her providers. Relevant medical records and/or appropriate authorizations limited to treatment stemming from the September 16, 2024 medical event have been or will be produced

13

in connection with document production. No responsive documents are being withheld on the basis of privilege or any other ground.

**Interrogatory No. 12**

**Supplemental Response**

Following the termination of her employment with Defendant on October 10, 2024, Plaintiff undertook reasonable and good-faith efforts to mitigate her damages by seeking alternative employment consistent with her education, professional background, and experience in higher education and compliance-related roles. Plaintiff explored available employment opportunities and applied for positions for which she was qualified.

Despite these efforts, Plaintiff was unable to secure employment comparable in title, responsibilities, or compensation to her position with Defendant. As a result, Plaintiff returned to employment with a prior employer, Southern University, beginning in or about January 2025, in a substantially different role as a Professor, earning approximately $45,000 annually compared to approximately $72,000 annually at Tulane.

Plaintiff accepted this position in order to mitigate her damages and maintain employment, despite the substantial pay reduction and change in job responsibilities. Plaintiff has continued to remain employed and to mitigate her damages to the extent reasonably possible under the circumstances. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

**Interrogatory No. 13**

**Supplemental Response**

Following the termination of her employment with Defendant on October 10, 2024, Plaintiff has remained generally able and available for work and has made reasonable efforts to obtain alternative employment consistent with her education, experience, and qualifications.

Plaintiff experienced a temporary period of medical recovery and diagnostic evaluation following the September 16, 2024 medical emergency, which included temporary restrictions related to long-distance commute driving. During this period, Plaintiff was medically cleared to perform work duties, including remote or non-driving work, subject to those temporary restrictions. Plaintiff was not unavailable for work during this period; rather, Plaintiff was available and able to perform her job duties remotely, but was unable to commute to Defendant's facility pending clearance from her treating specialists.

Plaintiff was not unavailable for work for any extended period due to illness, injury, relocation, family obligations, schooling, or other reasons. Plaintiff returned to employment in January 2025 and has remained employed since that time. No responsive documents are being withheld on the basis of privilege or any other ground. Production of responsive documents is complete.

**Interrogatory No. 14**

**Supplemental Response**

From July 12, 2024 through October 10, 2024, Plaintiff earned employment income from Tulane

15

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

University at an annualized rate of approximately $72,000. Beginning in or about January 2025, Plaintiff has earned employment income from Southern University at an annualized rate of approximately $45,000. Relevant W-2 documentation for both positions has been produced in document production.

Plaintiff has not received disability benefits, workers' compensation benefits, unemployment benefits, or public assistance at any time relevant to this action.

Prior to her employment with Defendant, Plaintiff was employed as an Instructor at Southern University and A&M College, 801 Harding Blvd., Baton Rouge, Louisiana 70813, from August 2018 through May 2024, earning approximately $20,000–$22,000 per semester, with annual earnings of approximately $44,000 by 2024.

No responsive documents are being withheld on the basis of privilege or any other ground.

Respectfully submitted,

*/s/ Charles Imbornone*
Charles Imbornone Bar No. 41507
10380 Perkins Rd #82282
Baton Rouge, LA 70810
(504) 300-8445
charley@imbornonelaw.com
**Counsel for Plaintiff**

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

## **VERIFICATION**

I declare under penalty of perjury that the foregoing Supplemental Answers and Responses to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on:    3/23/2026

Signed by:

A81CFF61DDCB8EB...

Caasy Porch

17

Docusign Envelope ID: D18A2F5A-CA88-8B2B-83C2-2C84C9195C1C

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this 23 day of March 2026, served a copy of the foregoing Plaintiff's Supplemental Answers and Responses to Defendant's First Set of Interrogatories on counsel for all parties to this proceeding by email transmission.

*/s/ Charles Imbornone*

Charles Imbornone Bar No. 41507